UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| HARRY LEE FRANKLIN, JR., | : |
| --- | --- |
| Plaintiff, | : |
| v. | : Civil Action No. 17- 02528 (CKK) |
| CAPITOL HILTON HOTEL, | : |
| Defendant. | : |

**MEMORANDUM OPINION**

Plaintiff, Harry Lee Franklin, Jr., proceeding *pro se*, brings this action against his former employer, Defendant, Capitol Hilton Hotel.[1] *See* second amended complaint ("Sec. Am. Compl.") (ECF No. 4 at 16-20), at caption. Plaintiff alleges that Defendant discriminated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. ch. 126 § 12101 *et seq*. *See* EEOC complaint ("EEOC Compl.") (ECF No. 4 at 29, Ex. 3); *see generally*, complaint ("Compl.") (ECF No. 4 at 38–43); first amended complaint ("First Am. Compl.") (ECF No. 4 at 21–29); Sec. Am. Compl.

Defendant moves to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant's motion to dismiss ("Mot.") (ECF No. 5) at 1 ¶ 1; Defendant's memorandum ("Mem.") (ECF No. 5) at 1 ¶ 1. Defendant argues that Plaintiff's pleadings, and the allegations therein, fail to establish a *prima facie* case for disability discrimination. Mem. at 3–4. Plaintiff opposes Defendant's motion to dismiss. *See generally*, Plaintiff's memorandum in opposition ("Opp.") (ECF No. 9).

---

[1] Defendant indicates that Plaintiff sued the incorrect entity. Mem. at 1, n.1. Defendant states that Hilton Management, LLC is the appropriate entity for suit. *Id.*

1

The Court finds that Plaintiff has stated a claim for relief, and therefore, Defendant's motion to dismiss is denied without prejudice, for reasons discussed herein.

## BACKGROUND

On October 17, 2017, Plaintiff filed his initial complaint in the Superior Court for the District of Columbia. *See* docket, *Harry Lee Franklin v. Capitol Hilton Hotel* (No. 2017 CA 006944); Compl. He filed an amended complaint on November 8, 2017. *See* First Am. Compl. He filed a second amended complaint on November 14, 2017. *See* Sec. Am. Compl. Defendant was served on or about November 16, 2017. *See* Service Notice (ECF No. 4 at 15).

Defendant then removed the matter to this Court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. *See* Notice of Removal (ECF No. 1). On November 28, 2017, Defendant filed its motion to dismiss. *See generally*, Mot. Plaintiff filed a timely opposition to Defendant's motion on December 5, 2017. *See generally*, Opp. Defendant filed a reply to opposition (ECF No. 10) on December 14, 2017. Plaintiff was granted leave to file a surreply (ECF No. 14) on February 1, 2018.

Plaintiff puts forth allegations that he was improperly terminated from employment based on his disability. Sec. Am. Compl. at 1 ¶ 1. He alleges that suffers from diabetes ketoacidosis. *Id.* He claims that he was fired for "job abandonment;" however, he further alleges that he was in the hospital, and that Defendant was aware of his circumstances and condition. Compl. at 1 ¶ 1; Sec. Am. Compl. at 1 ¶ 1, Ex. 1. He posits that he was informed that he could return to work, though he was still experiencing some health complications. Plaintiff alleges that he was unfairly removed from his position under the guise of lack of attendance when it was, in fact, solely related to his disability. *Id.*

Plaintiff indicates in each of his complaints that he filed a grievance with the Equal Employment Opportunity Commission ("EEOC"). Compl. at 1 ¶ 1; First Am. Compl. at 1 ¶ 1, Ex. 3; Sec. Am. Compl. at 1 ¶ 1. Plaintiff attaches the relevant EEOC complaint and decision to his first amended complaint. First Am. Compl. at Ex. 3. The EEOC dismissed the claim on September 7, 2017. *Id.* In the EEOC filing, Plaintiff states:

> I began working for Respondent in December 2014. In 2015[,] I notified Respondent of my disability. They gave me special accommodations for my disability. On January 20, 2017, I was discharged after not showing up for work for two days. I was terminated for symptoms of my disability. I believe I was discriminated against due to my disability, in violation of the Americans with Disabilities Act of 1990, as amended. I would like to sue for monetary and punitive damages in the amount of $50,000 and to get my employment back.

*Id.* at 2 ("particulars"). Plaintiff's second amended complaint attaches the initial complaint, as well as medical records documenting his referenced hospital stay, as exhibits. Sec. Am. Compl. at Exs. 1-2. He again indicates that he previously filed with the EEOC. Sec. Am. Compl. at 1 ¶ 1. He also realleges that he provided notice to Defendant regarding his medical condition and that he was nonetheless terminated, a few days after his hospital release. Plaintiff again seeks monetary damages in the amount of $50,000 and requests to be reinstated to his job position. *Id.*

The allegations throughout the complaints are consistent. The attachments to the complaints vary, however, it appears that Plaintiff intended the attachments to the complaints to serve as supplements, rather than to supplant one another. *See* Sec. Am. Compl. at Exs. 1–2. Furthermore, all of the pleadings are part of the public record in both D.C. Superior Court and/or in this Court.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant

3

fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 1964–65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly*, 550 U.S. at 556).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe the complaint in a light most favorable to Plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). Additionally, complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

However, a plaintiff must provide more than just "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S at 678–79. Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer

more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.*

Under Rule 12(b)(6), a court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which a court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621, 624 (D.C. Cir. 1997); *see also Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 Fed. Appx. 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir.1999)).

## ANALYSIS

Defendant argues that Plaintiff's failure to sufficiently identify the elements of a *prima facie* case of discrimination under the ADA requires dismissal of the second amended complaint. Mem. at 3-4. This argument is meritless. A plaintiff's employment discrimination complaint need not allege specific facts establishing a *prima facie* case of discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000). A complaint need only provide a short and plain statement of a claim, sufficient to put Defendant on notice of claims raised against it. *See* Fed. R. Civ. P. 8(a), (e).

Plaintiff's operative complaint, as well as his previously filed complaints, satisfy this threshold. Plaintiff clearly alleges that he was terminated wrongfully from employment because of his disability in violation of the ADA. *See* Compl. at 1 ¶ 1; First Am. Compl. at 1 ¶ 1, Ex. 3; Sec. Am. Compl. at 1 ¶ 1. In fact, Defendant's motion to dismiss itself shows a clear understanding of Plaintiff's intended causes of action. Based on the consistent allegations and exhibits submitted by Plaintiff since before September 2017, Defendant has undoubtedly had requisite notice of

Plaintiff's claims. *See id*. Defendant also argues that ". . . while Plaintiff asserts in the Second Amended Complaint that "his job had notice that he was diabetic," he fails to identify how or when Hilton received this alleged notice." Mem. at 2 ¶ 2. Plaintiff has pleaded that he provided Defendant notice, which is adequate at such an early stage. Sec. Am. Compl. at 1 ¶ 1; *see In re United Mine Workers,* 854 F. Supp. at 915. Certainly, Defendant does not expect Plaintiff to *prove* the elements of his case at this juncture. *See id.* Therefore, this is a claim upon which relief can be granted, assuming that Plaintiff can prove the facts of his case.

## CONCLUSION

For the foregoing reasons, the Court shall DENY without prejudice Defendant's motion to dismiss (ECF No. 5). The Court shall hold an initial scheduling conference with the parties to discuss how to proceed with discovery and to clarify any outstanding issues. A separate order accompanies this memorandum opinion.

_____s/s_____<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge

DATE: September 6, 2018